FILED
2016 Dec-06 AM 09:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

RECEIVED
2016 DEC -1 A 11: 40
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT AL

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

DAVID WAYNE WILSON #166723
Plaintiff

Vs.

CORIZON MEDICAL SERVICE, ALABAMA DEPARTMENT OF CORRECTIONS
Jefferson S. Dunn, in his official capacity as commissioner of ADOC,
Ruth Naglich, in her official capacity as associate comm./health services
Gwendolyn Givens, in her official capacity as Warden at Hamilton A & I Fac.

Case No.: 2:16-cv-929-WKW-GMB

## WILSON'S MOTION FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND SUPPORTING BRIEF

Comes NOW, David Wayne Wilson, INOPS Consilii (Hamilton Aged & Infirmed Facility, 223 Sasser Drive, Hamilton, Al. 35570) and Respectfully moves on this Honorable Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, and humbly as for the GRANTING of a TEMPORARY RESTRAINING ORDER and PRELIMINARY INJUNCTION against defendants; Corizon Medical Services, Alabama Department of Corrections, Jefferson S. Dunn (Commissioner of ADOC), Ruth Naglich (Asst. Comm. of Health Services of ADOC), and Gwendolyn Givens (Warden of Hamilton A & I Facility).

In support thereof, Wilson submits this brief and states as follows:

### JURISDICTION

Jurisdiction over this ACTION is proper in the United States District Court for the Middle District of Alabama via, Title 28 U.S.C. § 1331

(Federal Question) and 28 U.S.C. § 1343 (Civil Rights).

Plaintiff Wilson seeks Injunctive relief under 28 U.S.C. § 1343, 2201, and 2202, and 29 U.S.C. § 794(a).

## ALL WRITS ACT, 28 U.S.C.S. § 1651

Subject Matter Jurisdiction is attached upon this motion via "All Writs Act 28 U.S.C.S. § 1651" relating to and utilizing **Dunn v. Dunn, Case No.: 2:14-cv-601-MHT** in this U.S. District Court for the Middle District of Alabama.

Wherefore this ACTION is requested in order to abridge this current situation with **Dunn v. Dunn**, Supra, for the issues that are creating the current situation are being litigated in Dunn. However, Wilson (And the entire Inmate Population) are in Imminent-Danger this very moment because the most basic medical needs can not be met due to no doctor being available.

## VENUE

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the Alabama Department of Corrections maintains its Central Offices and leadership in the Greater Montgomery, Al. area.

## FACTUAL BASIS FOR REQUEST

Wilson avers that Hamilton Aged and Infirmed Facility does not have a medical doctor assigned to this facility and Welson, al-well-as, the entire inmate population can not see a doctor to address their medical needs.

Wilson and others has put in Sick-Call Request and Corizon/ADOC takes the Four (4) dollar Co-Pay immediately and we are placed on, what is suppose to be a doctors waiting list, however, months later we are still on this list without ever seeing a doctor. The only way to be seen by a physician is to get to the point that an ambulance has to be called, and then, death is still likely to occur. In just the last few months there has been AT LEAST SIX (6) DEATHS at this small institution (Leon Terrell, Warren Williams, Lashawn Moore, Willie Alexander, Samuel Pippens) These are men that did not have to die!!

Hamilton Aged and Infirmed is an institution for the aged and infirmed inmates within the Alabama Department of Corrections, yet to not have a medical doctor/physician assigned to this facility at all is a clear violation of the Eighth (8) and Fourteenth (14) Amendments of the United States Constitution, and plainly against the rights of humanity.

Wilson, as well as the majority of the inmate population has numerous Sick-Call Slips, Request, and grievance forms in an attempt to have our medical needs addressed. THIS SITUATION HAS BECOME EXTREME!!!

Wilson asserts that he suffered a stroke while at Hamilton Work Release and was brought to Hamilton Aged and Infirmed due to the Work Release not having a medical staff and HAIF does. Wilson avers that he was seen by a doctor (Dr. Lovelace) on 8-24-2016 and 9-19-2016 and was ordered a physical-capacities evaluation. Since this evaluation Wilson has not been seen by a Physician in order to have physical therapy ordered. Wilson has a stack of REQUEST and GRIEVANCES requesting physical therapy and the only response he gets is "you have to see the provider to have therapy ORDERED". Meanwhile, Wilson's hand is drawing up more and more every day.

Without intervention from this Court Wilson's condition is going to become irreversable.

The definition of <u>DELIBERATE INDIFFERENCE</u> is defined within this case. The Staff Members at this institution has become so use to seeing inmates in extreme pain and suffering, and simply DIEING, that no action is taken from the Correctional Officers all the way up to the Warden (G. Givens).

## LEGAL ARGUMENT

This Court may issue a preliminary injunction because plaintiff Wilson has and will demonstrate (1) A substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to Wilson (Inmate Population) outweighs whatever damage the proposed injunction may cause defendants; and (4) if issued, the injunction would not be adverse to the public interest. <u>Siegel v. Lepore</u>, 234 F.3d 1163, 1176(11th. Cir. 2000); <u>McDonald's Corp. V. Robertson</u>, 147 F.3d 1301, 1306(11th. Cir. 1998). Plaintiff Wilson acknowledges that a "preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the <u>"burden of persuasion'"</u> as to each of the four prerequisites.

## CONSIDERATION

Wilson avers that the granting of this ORDER will not have an adverse effect on public safety or the operation of the criminal-justice system. <u>Title 18 U.S.C. § 3626(a)(1)(A)</u> states "The court shall not grant or approve any prospective relief <u>unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right"</u>, The only RELIEF Wilson seeks is to have this court ORDER Defendants to provide a PHYSICIAN within a reasonable time frame to address

his (Inmate Population) serious medical needs.

Deliberate Indifference of prisoner's serious illness, injury, or medical needs are in plain view in light of, numerous complaints by inmates that are completely disregarded by the medical staff with no regard to the inmates serious medical needs. The lack of a medical doctor is manifested, not merely by the failure or refusal to maintain a doctor, but by the deliberate disregard for human life.

<u>NOT ONLY IS THE INACTION OF THE DEFENDANTS TO PROVIDE BASIC MEDICAL CARE UNCONSTITUTIONAL, IN THIS CASE IT IS TO THE POINT OF BEING CRIMINAL!!!</u>

## CONCLUSION

A restraining ORDER and injunctive RELIEF are necessary to prevent defendants from continuing to subject Wilson (Inmate Population) to the <u>CRUEL AND UNUSUAL PUNISHMENTS</u> that are being inflicted upon him (them) by the defendants inactions as to providing proper medical care.

Wilson stands a substantial likelihood (**<u>Dunn v. Dunn</u>**) of succeeding on the merits of its claims. Wilson has and will continue to suffer irreparable injury unless the injunction issues. The threatened injury to Wilson outweighs what little, if any, damage the proposed injunction may cause the defendants. FINALLY, issuing the injunction serves the PUBLIC INTEREST.

All premises considered, Wilson respectfully request that the Court Immediately issue a TEMPORARY RESTRAINING and PRELIMINARY INJUNCTION **ORDERING** defendants to provide access to a medical doctor within a reasonable time.

Respectfully Submitted, *David Wilson*
David Wayne Wilson #166723

## CERTIFICATE OF SERVICE

I hereby Certify that a True and Correct copy of the forgoing motion has been served on the United States District Court for the Middle District of Alabama by placing in the Inmate Legal Mail Drop Box with Postage Pre-Paid on this the **29th** day of **November, 2016**.

United States District Court
Middle District of Alabama
P.O. Box 711
Montgomery, Alabama 36101-0711

*/s/ David Wilson*
David Wayne Wilson #166723
Hamilton A & I Facility
223 Sasser Drive
Hamilton, Alabama 35570

cc;
U.S. Dist. Court, Middle Dist. Ala.
file,/ D.W. Wilson

Page Six (6)

David Wayne Wilson #166723
223 Sasser Drive
Hamilton, Alabama 35570

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communications."

BIRMINGHAM AL 350

LEGAL MAIL 2016 PM 6 L



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

LEGAL MAIL